(86 App. Div. 559.)

In re FERRIS.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. INCOMPETENT PERSON—ACCOUNTING BY COMMITTEE—DEATH OF INCOMPETENT —JURISDICTION OF SUPREME COURT.

Code Civ. Proc. § 2344, providing that on the death of an incompetent person, for whom a committee has been appointed, his property must be administered "as if a committee had not been appointed," does not deprive the Supreme Court of jurisdiction to determine the necessary disbursements of the committee, and his costs and counsel fees, as required by section 2336.

2. SAME—PARTIES—EXECUTOR.

Where, pending proceedings in the Supreme Court for the determination of the amount which shall be paid to the committee of an incompetent person for necessary disbursements, costs, and counsel fees, the incompetent dies, and an executor of his estate is appointed by the Surrogate's Court, the executor must be made a party to the proceedings.

Appeal from Special Term.

In the matter of the estate of Anna W. Ferris, an incompetent. Motion for the bringing in of the executor of the incompetent in the proceedings to determine the committee's disbursements, costs, and counsel fees. Granted.

See 77 N. Y. Supp. 309.

The following opinion of Garretson, J., was delivered on the granting of the motion at Special Term:

During the lifetime of the incompetent, this court, then having exclusive jurisdiction of her person and estate, had under consideration the determination of the amount which should be paid to the petitioner out of the funds in the hands of the committee of the estate for the necessary disbursements of the petitioner, and for his costs and counsel fees, as provided by section 2336 of the Code of Civil Procedure. Incidentally thereto, and for its better information, the court had appointed a referee to take proof in respect to the same, and report with his opinion thereon. Pending the execution of the reference, the incompetent died. Her will has been proved in the Surrogate's Court, and letters testamentary issued to the executor named therein. Upon the theory that the proceeding has abated by her death, the petitioner asks that the executor be brought in and made a party thereto, and that it be directed that the reference be carried on to a conclusion.

Objection is made by the executor to the jurisdiction of the court to grant the motion, on the ground that, by section 2344 of the Code of Civil Procedure, the power of the committee has ceased, "and the property of the decedent

must be administered and disposed of as if a committee had not been appointed." I am of the opinion that this is not a sufficient answer to the application. The funds are still in the custody of the court, at the hands of its bailiff, the committee, who is required to account in respect thereto, and thereupon to pay the same over to the executor upon the order of the court. In re Butler, 8 Civ. Proc. R. 56; In re Grout, 83 Hun, 25, 31 N. Y. Supp. 602. As the duty of the court to fix the disbursements, costs, and counsel fees of the petitioner as required by section 2336 has not been performed, it may yet perform that duty, and should do so, notwithstanding the death of the incompetent, for those expenses remain a charge upon the estate. They are not ordinary. debts against the estate of the decedent, and the petitioner is not required to present them to the executor to be adjusted and paid in due course of administration. In re Lofthouse, 3 App. Div. 139, 38 N. Y. Supp. 39; In re Clapp, 20 How. Prac. 385.

The executor should be brought into the matter, the reference be proceeded with, and the referee's report made, to the end that the amount of these expenses may be fixed and allowed by the court at an early day. Meanwhile there should be deposited by the committee, in a trust company, to the credit of this proceeding, fifteen thousand dollars of the moneys in the committee's hands, to be held subject to the further order of the court. Upon compliance therewith, the committee may account for the purpose of being discharged. This direction is not to be regarded as even an intimation of the amounts which should be awarded to the petitioner, as to which I can express no opinion for want of sufficient knowledge of the subject.

Let an order be prepared accordingly, and submitted for settlement on two days' notice.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

George S. Ingraham, for committee.
Fletcher, McCutchen & Brown, for appellant executor.
Irving Washburn (Milton A. Fowler, of counsel), for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on the opinion of Garretson, J., at Special Term.